UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| LYNDON C. DAVIS, | |
| Petitioner, | |
| v. | CAUSE NO. 2:24-CV-197-CCB-MGG |
| WARDEN, | |
| Respondent. | |

OPINION AND ORDER

Lyndon C. Davis, a prisoner without a lawyer, filed a habeas corpus petition to challenge his conviction for murder under Case No. 45G02-1107-MR-5. Following a trial, on April 4, 2013, the Lake Superior Court sentenced him to fifty-five years of incarceration. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Significantly, this is not the first time Davis has sought federal habeas relief in connection with his conviction. He first attempted to obtain habeas relief in *Davis v. Zatecky*, 1:19-cv-88 (S.D. Ind. dismissed April 20, 2020), but the court denied his habeas petition based on the merits of his claims. In other words, this petition is a successive petition.

Davis argues that his assertion of actual innocence serves to excuse the successive nature of this habeas petition. To Davis' point, in *Schlup v. Delo*, 513 U.S. 298 (1995), the Supreme Court of the United States recognized that actual innocence could

serve to excuse the prohibition against successive petitions. However, one year later, the Antiterrorism and Effective Death Penalty Act of 1996 modified the actual innocence standard for successive petitions and required that determinations of whether to authorize successive petitions first be made at the appellate level. *See* 28 U.S.C. 2244(b); *McQuiggin v. Perkins*, 569 U.S. 383, 396 (2013) ("[28 U.S.C. §] 2244(b)(2)(B) . . . thus reflect[s] Congress' will to modify the miscarriage of justice exception with respect to second-or-successive petitions."). As a result, "[a] district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). Because the Seventh Circuit Court of Appeals has not authorized Davis to file a successive petition, the court dismisses this case pursuant to Section 2244(b).

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling. Therefore, the court denies Davis a certificate of appealability.

For these reasons, the court:

(1) DISMISSES this case as an attempt to pursue an unauthorized successive petition in violation of 28 U.S.C. § 2244(b)(3)(A);

(2) DENIES Lyndon C. Davis a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

SO ORDERED on June 11, 2024

s/ Cristal C. Brisco
JUDGE
UNITED STATES DISTRICT COURT